### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN
### COURT FILE NO.: 08-469

| | |
|---|---|
| Kenneth Irish, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> BNSF Railway Company, et. al. <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND** |

### INTRODUCTION

Defendants BNSF Railway Company and Burlington Northern Santa Fe Corporation have filed a Notice of Removal, with respect to Plaintiffs' state court action originally filed in Grant County Circuit Court. The removing Defendants allege, among other things, that this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) as Plaintiffs have "fraudulently named non-diverse Wisconsin residents and BNSF employees," William Barbee and Francis A. Weber. Further, Defendants argue that Plaintiffs' class qualifies for removal under the Class Action Fairness Act (codified by 28 U.S.C. §1332(d)).

Defendants' allegations are without merit. As employees of BNSF who have duties of maintenance and responsibility regarding the subject area leading to the damage at issue, William Barbee and Francis A. Weber have personal responsibility herein and accordingly are properly named. Therefore, the individual parties have not been fraudulently joined in this action, depriving the District Court of subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

Further, as Plaintiffs' class includes less than 100 claimants, the Class Action Fairness Act does not apply to provide the District Court subject matter jurisdiction of this class action. Also, this matter should be remanded as it qualifies for both the "local controversy" exception and the "home state" exception.

Finally, this court should decline jurisdiction over this case, as given the totality of circumstances, it is properly remanded to the Grant County Circuit Court.

1

Accordingly, Plaintiffs pray that this court remand this action to the Grant County Circuit Court for further proceedings as multiple, independent grounds for remand exist. Further, Plaintiffs pray that the District Court enter an award granting Plaintiffs their costs and attorney fees incurred for Defendants' wrongful removal, pursuant to 28 U.S.C. §1447(c).

## ARGUMENT

### I.     STANDARD OF REVIEW

"When the court's exercise of jurisdiction is challenged, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal." Shaw v. Dow Brands, Inc., 994 F.2d 364, 366-67 (7th Cir. 1993). "Courts interpret the removal statute narrowly and presume that the plaintiff may choose his forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). "Any doubts regarding jurisdiction should be resolved in favor of remanding the action to state court." Ibrahim v. Old Kent Bank, No. 99 C999, 1999 WL 259944, at *2 (N.D. Ill. Apr. 8, 1999) (citing Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976)).

### II.    INDIVIDUAL DEFENDANTS BARBEE AND WEBER ARE REAL, NOT FRAUDULENTLY JOINED ACTORS, PRECLUDING FEDERAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1332(a)

"Diversity jurisdiction cannot be destroyed by joinder of non-diverse parties if that joinder is fraudulent." Hoosier Energy Rural Elec. Coop., Inc., v. Amoco Tax Leasing IV Corp., 34 F.3d 1310, 1315 (7th Cir. 1994). When referring to jurisdiction, 'fraudulent' is a term of art. Poulous v. Naas Foods, Inc. 959 F.2d 69, 73 (7th Cir. 1992). Fraudulent joinder occurs where there is no possibility a plaintiff can state a cause of action against non-diverse defendants in state court, or where there is outright fraud in plaintiff's pleading of jurisdictional facts. Hoosier, 34 F.3d at 1315. In most cases

2

fraudulent joinder involves a claim against an in-state defendant with no chance of success. Poulos, 959 F.2d at 73.

"Defendants bear a heavy burden to establish fraudulent joinder." Id. at 73. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the co-defendant. Id. A federal court must engage in an act of prediction: "Is there any reasonable possibility that a state court would rule against the non-diverse defendant?" Id. The court must resolve all ambiguities against removal. Lerma v. Univision Comm. Inc., 52 F.Supp.2d 1011 E.D.Wis. 1999. "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993.) "In addition, the court must be cautious not to evaluate the merits of plaintiff's claims." Peters v. AMR Corp., Nos. 95 C 588, 95 C 678, 95 C 923, 95 C 922, 95 C 1417, 95 C 1418, 1995 WL 358843, at *3 (N.D. Ill. June 13, 1995) (*quoting* Boyer v. Snap-on Tools Corp., 913 F.2d 108, 113 (3d Cir. 1990)(stating that, in determining fraudulent joinder, the court is limited to evaluating whether colorable claims exist against the non-diverse defendant, leaving the determination of the merits of those claims to the state court). CC Industries, Inc. v. ING/Reliastar Life Ins. Co., 266 F.Supp.2d 813, 817 (N.D. Ill. 2003).

The removing Defendants argue that Plaintiffs have fraudulently joined BNSF employees and Wisconsin residents, Francis A. Weber and William Barbee. However, there is no real dispute that Weber is a resident of Bagley, Wisconsin and that Barbee is a resident of Holmen, Wisconsin. Further, there is no real dispute that the Complaint

3

alleges that William Barbee and Francis Weber were active participants in the torts complained of herein. Accordingly, Defendants' argument is entirely without merit.

### A. Defendants Weber and Barbee have Individual Responsibility For Damages Caused in this Lawsuit

With respect to Defendants Weber and Barbee, Plaintiffs pled in their Complaint:

18. The Plaintiff Class seeks significant relief from Defendants William Barbee and Francis Weber, who had duties of inspection, investigation, monitoring and maintenance of the Burlington Northern Trestle as supervisory employees and agents of Defendant Burlington Northern Santa Fe Corporation and/or Defendant Burlington Northern Santa Fe Railway.

19. That the actions and/or failures to act by Defendants William Barbee and Francis Weber relating to inspection, investigation, monitoring and maintenance relating to the Burlington Northern Trestle as supervisory employees and agents of Defendant Burlington Northern Santa Fe Corporation and/or Defendant Burlington Northern Santa Fe Railway form a substantial and significant basis for the claims asserted by the Plaintiff Class against the Defendants.

Plaintiffs further incorporate Defendants Weber and Barbee in specific allegations of negligence and nuisance [both negligent and intentional] throughout their Complaint. (*See* Plaintiffs' Complaint ¶¶ 22, 23, 24, 27, 28, 29.) Plaintiffs allege that Defendants Weber and Barbee, within their roles as BNSF employees, have responsibility with respect to oversight and maintenance of the BNSF railroad trestle at issue in this action. The removing Defendants do not refute these allegations within their Notice of Removal, nor have they put forth any evidence whatsoever that Weber or Barbee did not have any duties or responsibilities with respect to the incident BNSF railroad trestle. The BNSF Defendants' only response, which will be discussed in more detail below, is that "[t]he allegations against Barbee, Webber [sic] and the Does are based solely on their capacity as 'supervisory employee[s]' and 'agent[s]' of BNSF. (Notice of Removal, p. 6.) As

4

such, Weber and Barbee have been properly named as individual employees with

responsibility for the damages caused in this lawsuit.

### B.    Liability Imputed to the Employer Does Not Absolve Individual Employee Defendants of Their Own Personal Responsibility

In support of its Notice of Removal, Defendants do not argue that BNSF

employees Weber and Barbee have no responsibility. Rather, BNSF exclusively relies on

the doctrines of *respondeat superior* and imputed liability for the proposition that its

employees should be excused from any personal liability. Taken from the removing

Defendants' Notice of Removal:

> The joinder of William Barbee, Francis Weber, John Doe #1 and John Doe #2 is
> fraudulent because plaintiffs cannot credibly state a cause of action against these
> individual defendants distinct from the claims against BNSF. The allegations
> against Barbee, Webber and the Does are based solely on their capacity as
> 'supervisory employee[s]' and 'agent[s]' of BNSF. [Citations omitted.] These
> BNSF employees could have no duty to plaintiff other than as BNSF employees.
> The complaint does not contend that any of these individual defendants acted
> beyond the scope of BNSF employment; accordingly any wrongful conduct by
> these alleged agents must be imputed to BNSF. *See e.g.*, State v. Dried Milk
> Prods Co-Op, 114 N.W.2d 412 (Wis. 1962) ('a corporation acts of necessity
> through its agents whose acts within the scope of the agent's authority are the acts
> of the corporation, both for the imposition of civil and criminal liability').

Notice of Removal, p. 6.

Defendants' position set forth above is against the clear weight of Wisconsin law

with respect to imputed liability. The Wisconsin Supreme Court, in Shannon v. City of

Milwaukee, 94 Wis.2d 364, 289 N.W.2d 564 (1980), addressed this very issue. In

Shannon, plaintiff sued the City of Milwaukee, as well as an individual employee of the

City, in connection with an automobile collision between plaintiff's vehicle and a City of

Milwaukee fire engine. Shannon, at 366. The individual employee named in the lawsuit

was the driver of the fire engine. Id. In addressing whether a limitation statute applied to

bar plaintiff's action against the driver as well as the City, the Supreme Court of

Wisconsin discussed imputed liability and its effect on personal liability:

> The liability which plaintiff sought to impose on the City of Milwaukee, on the
> other hand, was based on the fact that Ewert was an employee of the city at the

5

time of the accident. Under the doctrine of *respondeat superior* an employer can be held vicariously liable for the negligent acts of his employees while they are acting within the scope of their employment. **The additional liability of the employer, however, does not shield the negligent employee from his own personal liability, nor does it supplant his liability with that of his employer.** Candee v. Egan, 84 Wis.2d 348, 368-69, 267 N.W.2d 890 (1978); Oxman's Erwin Meat Co. v. Blacketer, 86 Wis.2d 683, 692, 273 N.W.2d 285 (1979). It provides only an alternative, and in some cases a more lucrative, source from which the injured party may recover his damages.

Id. at 370. [Emphasis added.]

The Wisconsin Supreme Court makes a clear distinction between the personal liability of an employee of a company whom plaintiff alleges was negligent versus the additional vicarious liability of the employer for the employee's actions in the scope of that employment. This distinction is turned inside out in Defendants' Notice of Removal. Again, Defendants argue:

These BNSF employees could have no duty to plaintiff other than as BNSF employees. The complaint does not contend that any of these individual defendants acted beyond the scope of BNSF employment; accordingly any wrongful conduct by these alleged agents must be imputed to BNSF.

Notice of Removal, p. 6.

The BNSF Defendants are correct that the wrongful conduct of BNSF's agents is imputed to BNSF for the purposes of liability. What they clearly do not recognize, and which the Wisconsin Supreme Court has made so clear, is that imputed liability is 'additional' and does not foreclose the personal liability of those employees' underlying actions or failures to act. Therefore, the BNSF Defendants' only cited basis for their allegation that Defendants Weber and Barbee have been fraudulently joined is entirely without merit. As such, complete diversity does not exist between the parties, depriving the District Court of §1332(a) subject matter jurisdiction over Plaintiffs' state court class action. Accordingly, the Plaintiffs request that the District Court remand this action to the Grant County Circuit Court for further proceedings.

6

III.    **THE CLASS ACTION FAIRNESS ACT DOES NOT CONFER
        JURISDICTION OVER PLAINTIFFS' STATE LAW CLASS ACTION**

Defendants allege that this case "is subject to removal pursuant to the Class

Action Fairness Act of 2005, 28 U.S.C. §§1332(d)(2); 1453 ("CAFA")." (Defendants'

Notice of Removal, p. 2.) Defendants state in their Notice of Removal:

> Jurisdiction is invoked because this is a class action in which (a) the matter in
> controversy exceeds the sum or value of $5,000,000 when the claims of the
> individual class members are aggregated, exclusive of interest and costs; and (b)
> members of the class are citizens of a state different from that of any defendant.

Id. at pp. 2-3.

Despite defendants' allegation to the contrary, Plaintiffs' class includes less than

100 persons, such that the Class Action Fairness Act does not apply to provide a basis for

removal of this class action.

    A.    **The District Court Does Not Have Original Jurisdiction
          Over this Class Action under the Class Action Fairness Act
          as Plaintiffs' Class Includes Less than 100 Members**

The removing Defendants rely heavily on the Class Action Fairness Act, codified

at 28 U.S.C. §1332(d), in an attempt to remove this action to the District Court.  As noted

above, Defendants particularly rely on 28 U.S.C. §1332(d)(2), which Defendants

summarized as follows:

> Jurisdiction is invoked because this is a class action in which (a) the matter in
> controversy exceeds the sum or value of $5,000,000 when the claims of the
> individual class members are aggregated, exclusive of interest and costs; and (b)
> members of the class are citizens of a state different from that of any defendant.

Notice of Removal, at pp. 2-3.

Aside from the fact that Plaintiffs have not pled an amount in controversy in

excess of $5,000,000.00, there is a separate provision, 28 U.S.C. §1332(d)(5), that

effectively blocks removal of this action:

> 5) Paragraphs (2) through (4) shall not apply to any class action in which
> ...
> > (B) The number of members of all proposed plaintiff classes in the
> > aggregate is less than 100.

7

28 U.S.C. §1332(d)(5)(B).

Plaintiffs' class is currently comprised of 53 adult members, with the entirely speculative possibility of the amount of class members increasing to 74, based on Plaintiffs' information of the total number of houses affected. (*See* Plaintiffs' Complaint, at ¶42.) It is important to note that as of September 17, 2008, Plaintiffs' Class is still only comprised of 53 members seeking compensation for property damage. Whether the class contains 53 members or grows to 74, it still does not bring Plaintiffs' class close to the amount required to subject this class action to the jurisdiction of the District court, pursuant to the Class Action Fairness Act.

The jurisdictional necessity of this minimum requirement is not lost on the removing Defendants. Accordingly, they argue that the Plaintiffs' class should not only be held to the speculative numbers of potential households also affected, but also that the District Court should speculate as to the potential children who also may make a claim for property damage that their parents own. (Notice of Removal, at p. 5.)

Simply put, Plaintiffs' class does not include even close to 100 members. Further, it can hardly be said that children, who are not making any claims for property damage themselves, can reasonably be counted towards the 100 claimant number set by the legislature to cut off the right to remove a class action to the District Court pursuant to 28 U.S.C. §1332(d). This is consistent with the membership of Plaintiffs' class as currently constituted, as there are no children making any claims for damages as a result of the Defendants' conduct. Accordingly, Plaintiffs' action should be remanded to the Grant County Circuit Court for further proceedings.

> **B.    28 U.S.C. §1332(d)(4)(A) requires remand under the "local controversy" exception in which greater than two-thirds of the members of the Plaintiffs' Class are residents of Wisconsin and the other requirements of Subsection (d)(4)(A) have been satisfied**

Within CAFA, §1332(d)(4)(A) provides a separate, independent basis for remand for which this action qualifies. Under §1332(d)(4)(A)(i)(I), there is no dispute that greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State of Wisconsin; hence, Plaintiffs satisfy this remand requirement

that "greater than two-thirds of the members of all proposed plaintiff classes are citizens of the State in which the action was originally filed."

### 1. Plaintiffs seek significant relief from Defendants Barbee and Weber

Further, this class action qualifies for remand under 1332(d)(4)(A), as under §1332(d)(4)(A)(i)(II)(aa), significant relief is sought from both William Barbee and Francis Weber as is set forth in the Complaint in the "Relief" Section. Hence, Plaintiffs satisfy this remand requirement that "(II) at least 1 defendant is a defendant - - (aa) from whom significant relief is sought by members of the plaintiffs' class..."

### 2. Conduct forms a significant basis for the claims

The next requirement, under the §1332(d)(4)(A) exception is that under §1332(d)(4)(A)(i)(II)(bb), the conduct of William Barbee and Francis Weber is specifically set forth in the Complaint and averred as active tortious conduct. Therefore, Plaintiffs satisfy this remand requirement that "(II) at least 1 defendant is a defendant - - ... (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiffs' class..."

### 3. At least one Defendant is a citizen of the State in which the action was filed

Under §1332(d)(4)(A)(i)(II)(cc), it is undisputed that William Barbee and Francis Weber are Wisconsin citizens. Therefore, Plaintiffs satisfy this remand requirement that "(II)(cc) at least 1 defendant is a defendant - - "who is a citizen of the State in which the action was originally filed."

### 4. Principal injuries incurred in State in which the action was filed

Under §1332(d)(4)(A)(i)(III), there is no dispute that the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in Wisconsin, as all of the property damage was suffered in Bagley, Grant County, Wisconsin. Plaintiffs satisfy this remand requirement that "(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed."

9

### 5. No other class action filed in 3-year period preceding action

Under Sec. 1332(d)(4)(A)(ii), and pursuant to Plaintiffs' Complaint at paragraph 50, there can be no dispute that no other class action has been filed arising out of these occurrences during the last 3 years. Therefore, Plaintiffs satisfy the remand requirement that "(4)(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."

Accordingly, the District Court should remand this action pursuant to §1332(d)(4)(A), as Plaintiffs' action meets all of the above-described requirements of the "local controversy" exception.

### C. 28 U.S.C. §1332(d)(4)(B) requires remand under the "home state controversy" exception as more than two-thirds of all plaintiffs are residents of Wisconsin and the other requirement of Sec. 1332(d)(4)(B) is satisfied

Pursuant to §1332(d)(4)(B), another separate, independent ground for remand is provided. The first requirement of the "home state controversy" exception is met by Plaintiffs' action, in that there is no dispute that two-thirds or more of the members of all proposed plaintiff classes are citizens of the State of Wisconsin; hence, Plaintiffs satisfy the requirements under (4)(B) that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate... are citizens of the State in which the action was originally filed."

### 1. Weber and Barbee are primary defendants

Under §1332(d)(4)(B), "primary defendants" must be citizens of the State in which the action was originally filed for the this exception to apply. While "primary defendant" is not defined in CAFA, the Northern District of Illinois addressed the issue in Kitson v. Bank of Edwardsville, 2006 WL 3392752 (S.D. Ill. 2006)(Slip Copy). The Kitson court likened CAFA to the Multiparty, Multiforum, Trial Jurisdiction Act of 2002 ("MMTJA") and cited the District Court of Rhode Island, in making the comparison. Kitson, at *16. Said the Kitson court:

> Importantly, the Passa court declined to define 'primary defendants' under MMTJA as 'those defendants with the deepest pockets.' This position seems sound to the Court; it is easy to imagine the arbitrary and unfair results, for plaintiffs and defendants alike, if a 'primary defendant' for purposes of either

MMTJA or CAFA were always the wealthiest defendant in a case, however peripheral that defendant's relationship to the wrongdoing at issue may have been.

Kitson, at *16.; *citing* Passa v. Derderian, 308 F.Supp.2d 43, 61 (D.R.I. 2004).

Further:

The Passa court's survey of relevant authorities reveals a settled judicial understanding of 'primary defendants' as 'those parties having a dominant relation to the subject matter of the controversy,' in contrast to defendants who played a secondary role by merely assisting alleged wrongdoing.

Kitson, at *16.; *citing* Passa at 62.[citations omitted.]

The Kitson court continued:

Ultimately, the Passa court concluded that **'primary defendants'** for purposes of MMTJA are **'those parties that are allegedly directly liable to the plaintiffs, while secondary defendants are ... those parties sued under theories of vicarious liability** or joined for purposes of contribution or indemnification.' [citation omitted.] Thus, the court held, 'the most appropriate definition of primary defendants in the context of [MMTJA] must include those parties facing direct liability in the instant litigation.' [citation omitted.] The court explained that **'all defendants sued directly in a cause of action maintain a dominant relationship to the subject matter of the controversy, while those parties sued under theories of vicarious liability...maintain an indirect or secondary relationship to the litigation.'** The court noted that its interpretation of the term 'primary defendants' for purposes of the statute was the definition most consistent not only with traditional legal concepts but also judicial economy and fairness to parties, because 'it does not require the Court to make a pre-trial determination of liability or culpability, but rather requires only a review of the complaint to determine which defendants are sued directly.'

Kitson, at *17.; *citing* Passa, at 62.(Emphasis added.)

The Kitson court agreed with the Passa court's analysis and applied it to CAFA, stating that "The Court finds Passa persuasive in construing the term 'primary defendants' for purposes of CAFA." Kitson, at *17.

William Barbee and Francis Weber are defendants directly named in this lawsuit. They are not named because they are vicariously liable. They are directly liable and therefore are primary defendants. Therefore, Plaintiffs satisfy the requirement under

(4)(B)  that "...primary defendants are citizens of the State in which the action was originally filed".

Accordingly, as the requirements of §1332(d)(4)(B) have been met by Plaintiffs' action, this action should be remanded to the Grant County Circuit Court.

> **D.      Under 28 U.S.C. §1332(d)(3), in the interests of justice and under the totality of the circumstances, this action is properly remanded to Grant County Circuit Court .**

The Class Action Fairness Act also provides the District Court with the discretionary ability to remand this action, given the "totality of circumstances," pursuant to 28 U.S.C. §1332(d)(3).  Plaintiffs' action meets these requirements, as well.

### 1.  Greater than two-thirds of Plaintiffs are Wisconsin citizens

As discussed above, greater than two-thirds of the members of the proposed class are Wisconsin citizens.  Therefore, under §1332(d)(3), this class action "is a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate ... are citizens of the State in which the action was originally filed..."  While the statute here contemplates a lesser percentage of plaintiffs being from the state in which the action is filed, having a greater percentage only provides a stronger basis for the court to remand the action to the Grant County Circuit Court.

### 2.  Weber and Barbee are primary defendants

As discussed above, Wisconsin citizens Weber and Barbee qualify as "primary defendants."  Therefore, under §1332(d)(3), this class action "is a class action in which ... the primary defendants are citizens of the State in which the action was originally filed..."

### 3.  Claims do not involve matters of national or interstate interest

Further, Plaintiffs' asserted claims are based upon common-law and Wisconsin statutory liabilities and do not involve matters of national or interstate interest.  Plaintiffs' class is comprised solely of property owners who have suffered damage to their homes in one Wisconsin town, namely, Bagley, Wisconsin.  This is the very definition of a local,

state matter. Therefore, Plaintiffs satisfy the requirement that the claims asserted do not involve matters of national or interstate interest under §1332(d)(3)(A);

### 4. Claims asserted to be governed by the laws of Wisconsin

There is no dispute that the asserted claims will be governed by the laws of the State of Wisconsin. Therefore, Plaintiffs satisfy the requirement that "the claims asserted will be governed by laws of the State in which the action was originally filed" under §1332(d)(3)(B).

### 5. This action was pled to avoid federal jurisdiction

Further, Paragraph 53 of Plaintiffs' Complaint specifically states that the Plaintiffs have no intention of pleading a federal cause of action; and the only actions pled are based upon state causes of action. Hence, the Plaintiffs have satisfied the remand requirement that "the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction" under §1332(d)(3)(C).

### 6. Claims asserted have sufficient nexus with Grant County

There is no dispute that Grant County is the forum in which (a) most and certainly more than two-thirds of the Plaintiffs reside, (b) all the harm has occurred and (c) one of the Defendants (Francis Weber) resides. Hence, Plaintiffs satisfy the requirement that "the action was brought in a forum with a direct nexus with the class members, the alleged harm, or the defendants" under Sec. 1332(d)(3)(D).

### 7. Number of class members from Wisconsin substantially larger than number of class members from any other State

Further, most of the class members and certainly more than two-thirds are citizens of Wisconsin; hence, Plaintiffs satisfy the requirement that "the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State and the citizenship of the other members of the proposed class is dispersed amount a substantial number of States," pursuant to §1332(d)(3)(E).

### 8. No previous class action on the matter in the preceding 3 years

Paragraph 50 of Plaintiffs' Complaint asserts that no other class action has been filed within the preceding three years. Hence, Plaintiffs satisfy the requirement that

13

"during the 3-year period preceding the filing of that class action", no other class action "asserting same or similar claims on behalf of the same or other persons have been filed" under Sec. 1332(d)(3)(F).

Accordingly, the District Court should remand this action, as under the totality of circumstances, this action is properly placed and therefore properly remanded to the Grant County Circuit Court.

## IV.    THE DISTRICT COURT SHOULD AWARD COSTS AND FEES TO PLAINTIFFS PURSUANT TO 28 U.S.C. §1447(c)

Plaintiffs seek an award of costs pursuant to 28 U.S.C. §1447(c), which reads, in pertinent part:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. §1447(c).

In Garbie v. DaimlerChrysler Corp., the Seventh Circuit addressed §1447(c), as to whether or not "bad faith" was required to award costs to the Plaintiffs for Defendants removal:

> Chrysler's theme is that because it removed the suit 'in good faith' it should not have been ordered to pay plaintiffs' legal expenses, even if removal was improper....[b]ut the foundation of Chrysler's argument – that §1447(c) authorizes sanctions against litigants that remove in 'bad faith' – is unsound. We held in Tenner v. Zurek, 168 F3d 328, 329-30 (7th Cir. 1999), that **§1447(c) is *not* a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes.**

Garbie, 211 F.3d 407, 410. [Emphasis added.]

The Garbie court continued:

> Because §1447(c) is a fee-shifting statute, the plaintiffs as prevailing parties are presumptively entitled to recover the attorneys' fees incurred in defending their award. Commissioner of INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).... **'[t]he rationale of fee-*shifting* rules is that the victor should be made whole-should be as well off as if the opponent had respected his legal rights in the first place...'**...§1447(c) entitles plaintiffs to 'just costs and any actual expenses, including attorney fees, incurred as a result of the removal'- and plaintiffs' expenses on appeal, no less than their expenses in the district court,

were 'incurred as a result of the removal.' **Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs.** Wisconsin v. Glick, 782 F.2d 670 (7th Cir. 1986). Cf. Continental Can Co. v. Chicago Truck Drivers Pension Fund, 921 F.2d 126 (7th Cir. 1990).

Garbie, at 411. [Emphasis added.]

  In this case, the BNSF Defendants have filed a Notice of Removal, arguing that diversity jurisdiction exists when it clearly does not. The BNSF Defendants argue that there are more than 100 members of the Plaintiffs' class, such that CAFA 1332(d) jurisdiction applies when it clearly does not. Finally, and most egregiously, these removing defendants argue that Plaintiffs have fraudulently joined BNSF employees Weber and Barbee when Plaintiffs have properly and in good faith named them as individual employees who have responsibility in this lawsuit, pursuant to their duties within the company, such that a state law cause of action can certainly be made against them. In doing so, BNSF completely ignores the well-settled law of the State of Wisconsin and disingenuously argues that imputed liability absolves individuals of personal liability.

  Plaintiffs have incurred significant time and expense, inconvenience and annoyance by having to address this wrongfully filed Notice of Removal, when this is clearly a state law cause of action with no basis for federal jurisdiction. While Plaintiffs believe that Defendants' Notice of Removal is in bad faith and frivolous given the clear weight of both binding federal and state authorities, such a finding is not required for the District Court to award costs and fees pursuant to §1447(c). Accordingly, Plaintiffs pray that the District Court enter an order awarding Plaintiffs their costs and attorneys' fees incurred by contesting Defendants' improper attempt at removal.

## CONCLUSION

  This Plaintiffs' Class has properly pled multiple state law causes of action against these removing Defendants, as well as their responsible employees, Francis A. Weber and William Barbee. The District Court does not have subject matter jurisdiction of this state law cause of action, as there is no federal question at issue [which Defendants do

not dispute]; nor does complete diversity exist, under 28 U.S.C. §1332(a), as Defendants Weber and Barbee have not been fraudulently joined.

The Class Action Fairness Act does not apply to provide subject matter jurisdiction over the Plaintiffs' class action as there are less than 100 members included within the class seeking money for damage to property.  Further, the District Court should decline jurisdiction over this matter, as under the totality of circumstances, this is a matter properly placed and litigated in the Grant County Circuit Court.

Accordingly, the Plaintiffs ask that the District Court order this matter to be remanded to the Grant County Circuit Court for further proceedings.  Along with that, Plaintiffs ask that the District Court enter an order awarding Plaintiffs' their costs and reasonable attorneys' fees incurred in litigating this wrongful removal, pursuant to 28 U.S.C. §1447(c).

Respectfully submitted,

Dated: September 22, 2008

**KOPP, MCKICHAN, GEYER, SKEMP & STOMBAUGH, LLP**

By: _____
Tyler T. Kieler, Esq.
Attorney I.D. #01053559
Matthew Allen
Attorney I.D. #1046620
44 E. Main St.
P.O. Box 253
Platteville, WI 53818
Telephone: (608) 348-2615
Facsimile: (608) 348-2415
tylerk@kopplaw.net
matthewa@kopplaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Kenneth Irish, Denise Marshall, Allen
Moore and Scott Stillwell, on behalf of
Themselves and on behalf of all others
Similarly situated, a class action,

Civil File No. 08-469

Plaintiffs,

v.

**CERTIFICATE OF SERVICE**

BNSF Railway Company, Burlington
Northern Sante Fe Corporation, William
Barbee, Francis A. Weber, John Doe #1,
John Doe #2, ABC Insurance Company
And DEF Insurance Company,

Defendants.

       I, Gale Hernandez, certify that on September 19, 2008, I caused the Memorandum
of Law in Support of Motion to Remand and Motion to Remand for Lack of Subject Matter
Jurisdiction of Plaintiffs Kenneth Irish, Denise Marshall, Allen Moore and Scott Stillwell, et al,
to be served on the following via U.S. Mail:

Timothy R. Thornton
And Molly M. Borg
Briggs And Morgan, PA
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157

Dated: September 19, 2008

Gale Hernandez