UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| Kenneth Irish, Denise Marshall, Allen Moore and Scott Stillwell, on behalf of themselves and on behalf of all others similarly situated, a class action, | Civil File No. 08-469 |
| Plaintiffs, | |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR PROTECTIVE ORDER AND FOR EXTENSION OF TIME** |
| BNSF Railway Company, Burlington Northern Santa Fe Corporation, William Barbee, Francis A. Weber, John Doe #1, John Doe #2, ABC Insurance Company and DEF Insurance Company, | |
| Defendants. | |

---

## INTRODUCTION

This Court has concluded that Class Action Fairness Act (CAFA) jurisdiction has been invoked. In defiance of this Court's unequivocal jurisdictional determination, plaintiffs continue to forum shop by denying that their class action complaint pleads a class action and demanding that the conduct of necessary and pertinent discovery be precluded or delayed. Plaintiffs not only fail to make the good cause showing that Rule 26(c) prescribes, but they disingenuously contend that the requested discovery has somehow been mooted by their newly announced class abandonment ploy. Simply put, plaintiffs' refusal to go forward as required by the rules has no basis in law or fact; accordingly discovery should proceed.

2295928v2

## BACKGROUND

Plaintiffs filed this putative class action in Grant County Circuit Court in May 2008. The complaint is expressly brought on behalf of all similarly situated property owners and occupants and seeks class certification. (Compl. ¶ 39.) Defendants were served in late July 2008 and promptly removed based on diversity (*i.e.*, fraudulent joinder) and CAFA.

In September 2008, plaintiffs sought remand. On January 5, 2009, the Magistrate Judge recommended denial because the complaint satisfied CAFA's jurisdictional prerequisites: more than 100 class members were encompassed by the class definition; and over $5,000,000 was in controversy. (*See* Jan. 5, 2009 R&R.)

With this Court's jurisdiction confirmed and class certification pleadings due on February 13, 2009, defendants served written discovery on January 6, 2009. Despite defendants' request, the pretrial scheduling order does not bifurcate class and merit-based discovery, so defendants' interrogatories and document requests were not limited to the appropriateness of class action treatment. Instead, defendants requested information concerning the identities of persons with knowledge about plaintiffs' claims, the amount of damages sought, the basis for such damage claims, the legal description of the properties at issue, and all corresponding documents. (*See* Borg Aff. Ex. 1 at Interrog. Nos. 2-5, 7; *id.* at Req. for Prod. of Doc. Nos. 1-9.) On January 14 and 15, 2009, defendants followed up by noticing the depositions of the 4 named plaintiffs as well as 33 other supposedly injured property owners who were listed in paragraph 40 of the complaint. (*Id.* Exs. 2-3.)

On January 20, 2009, plaintiffs appealed the Report and Recommendation. Mindful of the pretrial schedule and confident about the correctness of the Magistrate Judge's jurisdictional analysis, defendants attempted to confirm the deposition schedule but received no response. (*Id.* Ex. 4.) On February 2, 2009, plaintiffs summarily ordained the noticed depositions to be objectionable. (*Id.* Ex. 5.) After Judge Crabbe adopted the R&R, plaintiffs pressed their specious attempt to evade discovery obligations. (*Id.* Ex. 6.) The February 5, 2009 request for more time was exclusively based upon plaintiffs' desire to "explore" appellate options. (*Id.*) Plaintiffs never suggested that there was a scheduling conflict or some other obstacle preventing them from appearing for the noticed depositions. Because the class certification deadline loomed and because the requested discovery sought merits as well as class suitability information, defendants declined to indulge plaintiffs' stalling. (*Id.* Ex. 7.)

In response, plaintiffs heralded, for the first time, that they would not seek class certification, which, according to them, rendered discovery moot. (Borg Aff. ¶ 2.) Yet, defendants – or for that matter, the Court – have no reason to believe that this action was anything other than a class action. (*Id.* ¶ 2.) Plaintiffs' remand papers never disavowed the class allegations, and during pendency of the R&R appeal plaintiffs steadfastly advocated their class claims.

Only after CAFA jurisdiction was unequivocally recognized did plaintiffs' counsel first decide to desert the class on whose behalf this action was said to have been brought. Notably, although class counsel say they are jumping the class action ship, nothing in the record has changed the course that ineluctably led to the exercise of CAFA jurisdiction.

And, regardless of plaintiffs' representations, the complaint asserts class claims and the requested discovery seeks information beyond the scope of class action propriety. Defendants therefore took plaintiffs to task and demanded discovery responses. Plaintiffs thereafter came to this Court for protection.

## ARGUMENT

**I. GOOD CAUSE TO JUSTIFY A PROTECTIVE ORDER HAS NOT BEEN DEMONSTRATED**

Rule 26(c) empowers a court to make an order "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "[T]he court must make an independent determination of the existence of good cause for the protective order." *See Platt v. Family Health Sys. Inc.*, 189 F.R.D. 518, 522 (E.D. Wis. 1999), *aff'd*, 280 F.3d 749 (7th Cir. 2002). A protective order seeker must show good cause. *Id.* This burden entails "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." *Id.* Critically, plaintiffs must show that the disclosure "will cause a clearly defined and serious injury." *Id.* Plaintiffs do not come close to satisfying the requisite burden.

Plaintiffs do not even pretend that defendants' discovery is annoying, embarrassing, oppressive, or unduly burdensome. Rather, they unilaterally deem, without specific objections to any particular discovery request or deposition notice, the requested discovery to be unnecessary because class certification has supposedly been forsaken. Plaintiffs have spent several months charging the railroad with class wide

liability; then suddenly, on the eve of the class certification motion deadline – and notably, in the wake of the Court's recognition of CAFA jurisdiction – plaintiffs say their strategy has changed.[1] Yet the complaint and the scheduling order remain unamended, rendering any pretense of class-discovery mootness without merit.

Plaintiffs' latest tactic constitutes blatant forum manipulation. The law does not condone such machinations: "once removal has been perfected plaintiffs may not manipulate the process to void the removal." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367-68 (7th Cir. 1993); *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997) (rejecting plaintiff's post-removal attempts to manipulate jurisdiction); *see also In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) (jurisdiction is determined at time of removal, and post-removal complaint amendments cannot vitiate jurisdiction). Simply put, plaintiffs' forum-shopping artifice is not the stuff of which good cause to warrant a protective order is made. *See United States v. Am. Optical Co.*, 39 F.R.D. 580 (N.D. Cal. 1966) (discovery inconvenience and expense does not constitute good cause).

Not only is good cause lacking, but the relevancy and discoverability of the requested information, without regard to class treatment, cannot be gainsaid. The pretrial scheduling order does not bifurcate class and merit discovery; the parties are expected to complete all discovery by December 2009. Regardless of whether plaintiffs pursue class

---

[1] Plaintiffs' counsel treads dangerously close to breaching fiduciary obligations owed to the class. *See Wagner v. Lehman Bros. Kuhl Loeb, Inc.*, 646 F. Supp. 643, 661 (N.D. Ill. 1986) (counsel has fiduciary obligation to class he purports to represent). Counsel cannot decry the propriety of a class action without regard to the duties owed to present and absent class members.

certification, the outstanding discovery goes to the merits of this case and must therefore be allowed. *See* Fed. R. Civ. P. 26(b).

The "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Discovery that has a tendency either to prove or to negate the parties' claims and defenses is relevant. *Id.*; Fed. R. Evid. 401. The complaint charges the railroad and its employees with causing a man-made flood that damaged everyone in Bagley. The four named plaintiffs are identified and an additional 54 purportedly injured property owners and occupants are listed. All are said to have claims against the railroad. In fact, the complaint asserts that all 58 have retained class counsel to prosecute in this action. (Compl. ¶ 40.)

The requested discovery seeks information about the claims and damages of the individuals listed in the complaint. (*See* Borg Aff. Ex. 1 at Interrog. Nos. 2-5, 7; *id.* at Req. for Prod. of Doc. Nos. 1-9; *see also id.* Exs. 2-3.) Unidentified class members have not been subject to any discovery. (*Id.* Exs. 2-3.) The deponents, each of whom supposedly got wet, will be questioned about the factual basis for blaming BNSF for the high water. This discovery is unquestionably relevant to and probative of plaintiffs' negligence and nuisance claims – class action or not. Defendants' inquiries are far from moot; plaintiffs must produce.

## CONCLUSION

Plaintiffs have failed to satisfy Rule 26(c)'s good cause standard. Their blanket objections do not establish "annoyance, embarrassment, oppression, or undue burden or expense" or any serious injury that compliance with the discovery rules would inflict. Regardless of whether plaintiffs pursue or abandon class certification, defendants' interrogatories, document requests and depositions bear directly on the underlying merits of the claims made by specifically identified plaintiffs. There is no legitimate basis for forestalling and frustrating defendants' efforts to prepare this case for trial. Plaintiffs' motions should be denied.

Dated: February 13, 2009

**BRIGGS AND MORGAN, P.A.**
By: /s Timothy R. Thornton
    Timothy R. Thornton (#109630)
    Robin Caneff Gipson (#293428)
    Molly M. Borg (#0331922)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
(612) 977-8400
**ATTORNEYS FOR DEFENDANTS BNSF RAILWAY COMPANY, BURLINGTON NORTHERN SANTA FE CORPORATION, WILLIAM BARBEE AND FRANCIS A. WEBER**