UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Kenneth Irish, Denise Marshall, Allen Moore and Scott Stillwell, on behalf of themselves and on behalf of all others similarly situated, a class action,

        Plaintiffs,

v.

BNSF Railway Company, Burlington Northern Santa Fe Corporation, William Barbee, Francis A. Weber, John Doe #1, John Doe #2, ABC Insurance Company and DEF Insurance Company,

        Defendants.

Civil File No. 08-469

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S MAY 8, 2009 ORDER REMANDING TO GRANT COUNTY**

---

## INTRODUCTION

Plaintiffs cannot escape this federal forum. Not only does CAFA open the courthouse door – regardless of plaintiffs' class disavowal – but ICCTA complete preemption ensures federal jurisdiction availability. And this Court's authority to reconsider the May 8, 2009 Order is beyond question. Controlling law demonstrates that federal subject matter jurisdiction lies; accordingly the Court should vacate the remand order and deny any "implied" motion to remand.

2360513v2

1

## ARGUMENT

I.  **JURISDICTION TO RECONSIDER**

Plaintiffs' challenge to this Court's reconsideration jurisdiction defies clear Seventh Circuit precedent: "where an exception to the general bar against the nonreviewability of remand orders applies, the district court has the power to reconsider its order during the time for filing a notice of appeal." *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 273-74 (7th Cir. 1990).  Thus when a remand order can be appealed "it would be efficient to allow the district court also to retain jurisdiction to reconsider its order." *Id.* at 273.  In fact, the Seventh Circuit has implicitly sanctioned the propriety of a motion for reconsideration of a CAFA remand order.  *See Natale v. General Motors Corp.*, No. 06-8011, 2006 WL 1458585, *1 (7th Cir. May 8, 2006) (remand order reviewed on appeal following motion for reconsideration and no disapproval of procedures below).

As plaintiffs readily admit, CAFA permits either party to appeal CAFA jurisdictional rulings.  28 U.S.C. § 1453(c); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862, – U.S. –, (May 4, 2009) (allowing appeal of discretionary remand). Defendants sought reconsideration within the time to appeal.  28 U.S.C. § 1453(c). Because CAFA allows for appellate review of remand orders, this Court can reconsider the May 8, 2009 Order.  *J.O.*, 909 F.2d at 273-74.

Other courts have followed the Seventh Circuit's lead and concluded that a court retains jurisdiction to reconsider the remand of a case removed pursuant to CAFA.  The *Webb v. Riceland Foods, Inc.*, court reevaluated a finding that CAFA jurisdiction was

lacking. No. 4:08CV01048-WRW, 2008 WL 4960464, at *1 (E.D. Ark. Nov. 17, 2008).

The court rejected the plaintiffs' challenge to reconsideration authority as follows:

> Although the district court's decision on a motion to remand ordinarily is not appealable, CAFA creates a discretionary, interlocutory form of appellate review. These appeal provisions are only available in class actions brought under CAFA. An appeal from a motion to remand under CAFA must be filed "not less than 7 days after entry of the order." In addition, the Seventh Circuit has held that filing a motion for reconsideration in the district court tolls the seven-day period until the district court can rule on the motion – which essentially recognizes that a motion for reconsideration is a proper motion."

*Id.* (citing *Natale*, 2006 WL 1458585 at *1).

Similarly, *Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Renal Care Group, Inc.*, explains:

> If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one. The authority suggesting that this court loses jurisdiction over the case once the Clerk performs the ministerial act of placing a certified copy of the remand order in the mail to the state court is inapposite to the Class Action Fairness Act and, therefore, cannot be followed in this instance.

No. 3:05-0451, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005).

The Seventh Circuit recognizes a district court's prerogative to reconsider remand orders when appellate rights are available. *J.O.*, 909 F.2d at 273-74. CAFA enables BNSF to seek appellate review of the remand order. 28 U.S.C. § 1453(c). Accordingly, this Court is empowered to reconsider the May 8, 2009 Order.

## II. SEVENTH CIRCUIT LAW CONTROLS

Plaintiffs advance nonbinding and unpersuasive authority to rationalize a remand. Plaintiffs do not acknowledge, however, the Seventh Circuit's unequivocal directive that CAFA jurisdiction must be determined at the time of removal. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008); *see also Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) ("the jurisdiction of the Court depends upon the state of things at the time of the action brought").

This Court confirmed that CAFA jurisdiction had been properly invoked when this case was removed. Plaintiffs' after-the-fact maneuverings to evade this federal forum are corralled by controlling law. Despite the pleading machinations, this Court retains CAFA jurisdiction. To obviate the necessity of a needless appeal, the May 8, 2009 Order should be corrected, and this motion affords that opportunity.

## III. THE ICCTA COMPLETELY PREEMPTS

### A. No Waiver

Plaintiffs disingenuously ordain that defendants have somehow "waived" ICCTA jurisdiction and that the issue of complete preemption is not "germane to the Court's remand for lack of CAFA." Pls.' Br. at 4-5. Notably, plaintiffs proffer no legal authority to support the suggestion that federal jurisdiction can be waived or that the Court can derogate its duty to assess jurisdiction.

As a threshold matter, plaintiffs cannot feign surprise about the complete preemption ramifications of this litigation. The answer, which was served five days after

removal, raises the affirmative defense of complete preemption. (*See* Ans. ¶ 10.) Thus plaintiffs have known since August 18, 2008 that the issue of complete preemption would be joined. The Court's recognition of CAFA jurisdiction rendered complete preemption as a basis for federal jurisdiction superfluous.

Regardless, defendants' declination to delineate complete preemption in their removal papers is of no moment. Subject matter jurisdiction cannot be waived. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, – U.S. –, (May 18, 2009) ("We are not free to pretermit the question. Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). Hence, the Court is charged with determining for itself whether federal subject matter jurisdiction can be exercised. *Id.* This obligation arises "independent of the defenses a party might either make or waive under the Federal Rules." *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) (internal quotations omitted).

To that end, the Court not only has "the right, but the duty to look beyond the allegations of the complaint to determine that it ha[s] jurisdiction." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). That is exactly what the Eighth Circuit did in *Lundeen v. Canadian Pacific Railway Company,* 447 F.3d 606 (8th Cir. 2006) (*vacated on other grounds* 532 F.3d 682 (8th Cir. 2008)). The Court cannot

pretermit consideration of whether ICCTA complete preemption provides an additional basis for federal jurisdiction.[1]

### B. 49 U.S.C. § 20106 is not applicable

Plaintiffs inexplicably rant about 49 U.S.C. § 20106 not effecting complete preemption. So what. Section 20106 addresses the preemptive effect of the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq.*; that provision does not bear upon the ICCTA's, 49 U.S.C. § 10101 *et seq*, displacement of state law. Defendants never suggested that the FRSA extends federal jurisdiction over this case. Instead ICCTA complete preemption has been invoked. Unlike the FRSA, the ICCTA does foreclose common law claims, like plaintiffs'.

### C. Plaintiffs' claims are completely preempted

Plaintiffs pretend that their claims do not implicate either the railway or rail transportation and thereby hope that the preemptive force of the ICCTA can be withstood. This aspiration disregards plain statutory language and Congress' explicit and exclusive delegation of authority over the construction and operation of railroad facilities, like bridges, to the Surface Transportation Board (STB).

Among other things, the ICCTA defines "railroad" as a bridge or any "equipment used by or in connection with a railroad." 49 U.S.C. § 10102(6). "Transportation" includes any "facility, instrumentality, or equipment of any kind related to the movement

---

[1] 28 U.S.C. § 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Accordingly if the Notice of Removal were deemed to be defective, defendants should be allowed to amend and assert a complete preemption basis for federal jurisdiction.

of passengers or property, or both, by rail." *Id.* § 10102(9). Plaintiffs seek to dictate BNSF's management and use of the tracks by injunction, which would necessarily have the effect of regulating the design, construction, maintenance and operation of the Bagley bridge trestles.

The complaint charges that defendants "failed to properly and adequately plan, design, construct, guard, inspect, investigate, clean and maintain the Burlington Northern Trestle beneath the BSNF Railway Bridge Crossing." (Compl. at p.3, ¶ 5.) By subjecting BNSF to injunctive redress and monetary damages plaintiffs would change this state of affairs. In such circumstances whether the complained about conduct falls within the realm of the ICCTA or whether completely preempted state-law claims have been asserted cannot be seriously debated.

Further, none of the cases cited by plaintiffs are on point, and the selective parsing of quotations does not moot the ICCTA complete preemption. *House of Economy v. Burlington Northern Santa Fe Railroad* involved a private landowner's attempt to reopen a grade crossing over a spur line[2] which ran from the rail yard to a nearby mill. 694 N.W.2d 840 (N.D. 2005). In *Oklahoma Corporation Commission v. Burlington Northern and Santa Fe Railway Company*, a state agency sought to regulate fences on the railroad's right of way. 24 P.3d 368 (Ok. Civ. App. 2000). And, the *Emerson v. Kansas*

---

[2] A spur line is a dead-end line that generally runs off a main line to serve an industrial purpose. *See, e.g. Chicago, M. St. P.&P.R. Co. v. Chicago & E.I.R. Co.*, 198 F.2d 8 (7th Cir. 1952) (discussing "spur" lines). The tracks that plaintiffs would have the Court subject to common law redress are the BNSF mainline between Chicago and the Twin Cities.

2360513v2     7

*City Southern Railway Company* plaintiffs complained that the railroad improperly discarded railroad ties and other debris in drainage ditches and culverts adjacent to the plaintiffs' properties. 503 F.3d 1126 (10th Cir. 2007).

None of those cases had implication for the movement of interstate train traffic over mainline tracks. Requiring a railroad to maintain a fence in the right of way or prohibiting the disposal of railroad ties into local waterways are not akin to altering how the railroad plans, designs, constructs, guards, inspects, investigates, cleans or maintains a bridge over which scores of trains pass every day. These inapposite decisions do not lend any support for plaintiffs' resistance to ICCTA preemption.

The ICCTA mandates that redress against rail transportation facilities is exclusively vested with the STB. 49 U.S.C. § 10501(b). This restriction extends not only to direct regulation, but also to wherever the challenged conduct, if changed, would have some effect on rail transportation. *See, e.g.*, *A&W Props., Inc. v. The Kansas City S. Ry. Co.*, 200 S.W.3d 342 (Tex. Ct. App. 2006) (the ICCTA completely preempts claims seeking to widen culverts to prevent flooding; any attempt to do so would interfere with rail transportation).

The Bagley plaintiffs complain about a bridge trestle that is essential to the interstate movement of BNSF's trains. This action seeks to change the way BNSF constructs, operates and maintains bridge trestles, which perforce would affect interstate rail transportation. The ICCTA prohibits any attempt by anyone other than the STB to direct how a railroad uses and maintains facilities – including bridge trestles – which are inextricably intertwined with interstate rail operations. Because plaintiffs' claims would

necessarily have an impact on BNSF's tracks and train traffic, plaintiffs cannot circumvent the ICCTA complete preemption with state law negligence and nuisance claims. The complete preemptive force of the ICCTA provides an independent basis for the exercise of this Court's jurisdiction.

## CONCLUSION

This Court is empowered to reconsider the remand order and is obligated to assess independently its own jurisdiction. The Seventh Circuit calls for CAFA jurisdiction to be determined at the time of removal, without regard to post-removal pleading manipulation. And, plaintiffs' own allegations squarely confront the complete preemptive power and purpose of the ICCTA, affording yet another basis for federal jurisdiction – which can neither be waived nor forfeited. Defendants accordingly ask the Court to reconsider and to vacate the May 8, 2009 Order and thereafter to deny the "implied" motion to remand. This lawsuit belongs in this federal court.

Dated: June 1, 2009

                                                **BRIGGS AND MORGAN, P.A.**

                                                By:   s/ Timothy R. Thornton
                                                     Timothy R. Thornton (#109630)
                                                       Robin Caneff Gipson (#293428)
                                                       Molly M. Borg (#0331922)
                                                2200 IDS Center
                                                80 South Eighth Street
                                                Minneapolis, MN  55402-2157
                                                (612) 977-8400
                                                **ATTORNEYS FOR DEFENDANTS BNSF RAILWAY COMPANY, BURLINGTON NORTHERN SANTA FE CORPORATION, WILLIAM BARBEE AND FRANCIS A. WEBER**