IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH IRISH, DENISE MARSHALL,
ALLEN MOORE and SCOTT STILLWELL,

                                                OPINION and ORDER

                 Plaintiffs,

                                         08-cv-469-bbc

        v.

BNSF RAILWAY COMPANY, formerly known as
BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,
BURLINGTON NORTHERN SANTA FE RAILWAY CORPORATION,
WILLIAM BARBEE and FRANCIS A. WEBER,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Kenneth Irish, Denise Marshall, Allen Moore and Scott Stillwell are

residents of Bagley, Wisconsin, who allege that a railroad company and two of its employees

are responsible for flooding that occurred in Bagley in July 2007.  In particular, plaintiffs

allege that their homes flooded because defendants "failed to properly and adequately plan,

design, construct, guard, inspect, investigate, clean and maintain the Burlington Trestle

beneath the BNSF Railway Bridge crossing over Glass Hollow Drain located in or near the

Village of Bagley, thereby resulting in obstruction of the Burlington Trestle by silt, debris and

other obstructions."  Am. Cpt. ¶ 5, dkt. #58.  Plaintiffs assert claims for negligence, nuisance

1

and violations of Wis. Stat. §§ 88.87, 190.08 and 195.27.  Although plaintiffs have not brought any claims under federal law and complete diversity does not exist, jurisdiction is present because plaintiffs were proceeding as a class under  the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1322(d)(2) and 1453, when defendants removed the case to federal court under.  Plaintiffs omitted their class allegations from their amended complaint, but jurisdiction remains intact.  <u>In re Burlington Northern Santa Fe Railway Co.</u>, 606 F.3d 379, 379 (7th Cir. 2010).

Two motions are before the court, defendants' motion to dismiss and plaintiffs' motion for leave to file a surreply brief so that they can "respond to" several cases that defendants cited in their reply brief.  Plaintiffs' motion will be denied.  If courts allowed another round of briefing every time a party cited a new case, motions would never be ready for decision.  Plaintiffs do not identify any new issues raises in defendants' reply brief and they do not explain why additional commentary on the case law is necessary.

With respect to the motion to dismiss, defendants argue that plaintiffs' claims must be dismissed for two reasons:  (1) they are preempted by federal law; and (2) plaintiffs failed to follow the procedure for making a claim under Wis. Stat. § 88.87, which provides the sole remedy under state law for plaintiffs' alleged injuries.  Although defendants have failed to show that plaintiff's claims are preempted by federal law, I agree with defendants that § 88.87 applies to railroad companies.  Because plaintiffs admit that they did not follow the

2

procedures under § 88.87, the complaint must be dismissed as to the corporate defendants. However, because neither side addresses plaintiffs' claims against defendants William Barbee and Francis Weber, I will give the parties an opportunity to file supplemental briefs on the question whether the case should proceed against those two defendants.

OPINION

A.  Federal Preemption

Defendants argue that all of plaintiffs' state law claims are preempted by the Federal Railroad Safety Act.  Under that statute, "[a] State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement."  49 U.S.C. § 20106(a)(2).  In this case, defendants say that 49 C.F.R. § 213.33 "cover[s] the subject matter" of plaintiff's claims.  Under that regulation, "[e]ach drainage or other water carrying facility under or immediately adjacent to the roadbed shall be maintained and kept free of obstruction, to accommodate expected water flow for the area concerned."

Even if I agreed with defendants that § 213.33 applied to this case, that would not mean that plaintiff's state law claims were preempted.  Defendants ignore 49 U.S.C. §

3

20106(b), a recent amendment to the statute that clarifies its preemptive effect:

> (1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party--

> (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;

> (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or

> (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

The intent of this statute was to avoid the very result for which defendants are arguing now. Because the Federal Railroad Safety Act does not create a private right of action, preemption under § 20106 of state law causes of action would mean that injured parties are left without a remedy, even when a violation of federal law has occurred. This problem was observed by one district court before § 20106 was amended:

> While the Federal Railroad Safety Act does provide for civil penalties to be imposed on non-compliant railroads, the legislation fails to provide any method to make injured parties whole and, in fact, closes every available door and remedy for injured parties. As a result, the judicial system is left with a law that is inherently unfair to innocent bystanders and property owners who may be injured by the negligent actions of railroad companies.

Mehl v. Canadian Pacific Railway Ltd., 417 F. Supp. 2d 1104, 1106 (D.N.D. 2006).

4

In response to <u>Mehl</u> and similar cases, Congress enacted § 20106 to make it clear that "preemption does not apply when a railroad violates a federal safety standard of care." <u>Henning v. Union Pacific Railroad</u>, 530 F.3d 1206, 1216 (10th Cir. 2008).   That is, "the Federal railroad safety regulations preempt the standard of care, not the underlying causes of action in tort."   Passenger Equipment Safety Standards, 75 Fed. Reg. 1180, 1209 (Jan. 8, 2010).  This means that a plaintiff may proceed with a state law cause of action so long as she is not suing under a standard that is different from federal law.  Just last month, a court recognized that principle in another case in which BNSF was a defendant.  <u>Frazier v. Burlington Northern Santa Fe Corp.</u>, — N.W.2d —,  2010 WL 3545498, *4 (Minn. Ct. App. 2010) ("BNSF was not entitled to JMOL on the ground of preemption because, providing that the federal standard of care was used, respondents were entitled to proceed with their action.").

Defendants do not argue that § 213.33 is incompatible with any of plaintiffs' state law claims or that § 213.33 lacks a standard of care.  <u>Compare</u> <u>Kill v. CSX Transportation</u>, 923 N.E.2d 1199, 1209 (Ohio Ct. App. 2009) (affirming dismissal of state law claim as preempted by § 20106 because relevant federal regulation did not provide standard of care). Instead, they argue that plaintiffs are barred from proceeding because their complaint does not include claims under federal law.  In particular, defendants cite several paragraphs of the amended complaint in which plaintiffs disclaim any federal causes of action.  <u>E.g.</u>, Am. Cpt.

5

¶ 26, dkt. #58 ("Nothing in this Complaint is intended to or should be construed to provide a cause of action arising under any provision of the federal constitution, any federal statutory law, any federal regulation, any federal tariff, any federal order or any type or source of federal law.")

Whether plaintiffs' complaint includes federal *claims* is irrelevant because plaintiffs are not attempting to assert a federal claim, only a federal standard of care.  Although it is true that plaintiffs do not contend that defendants violated a federal standard of care in their amended complaint, that is a legal conclusion that does not have to be pleaded.  Jogi v. Voges, 480 F.3d 822, 826 (7th Cir. 2007) ("It is established, however, that complaints need not plead legal theories.").  Plaintiffs allege that defendants failed to keep the trestle free of debris to permit water to flow through it.  Defendants do not argue that plaintiffs' allegations are insufficient to state a claim under the standard in § 213.33.  Even if it were necessary to include references to federal law in the complaint, I would be inclined to allow plaintiffs to amend their complaint to cure any deficiencies.

In a footnote in their opening brief, defendants argue that plaintiffs' claims are preempted by the Interstate Commerce Commission Termination Act of 1995.  In a previous opinion, I rejected defendants' argument regarding preemption under that Act on the ground that "[t]his case does not involve an attempt to interfere with the regulation of a railroad or an effort to force defendants to comply with state regulations regarding the construction,

design or maintenance of rail lines." Dkt. #65, at 11. Defendants do not challenge this conclusion, but they argue that the opinion addressed the question of "complete preemption" only, not whether plaintiffs' claims are "*per se* preempted" by the Act. Dfts.' Br., dkt. #69, at 5 n.1. They use the term "express preemption" in their reply brief, but, regardless what they call it, they fail to explain how their argument is any different from the one I have rejected.

## B. Scope and Effect of Wis. Stat. § 88.87

A more serious problem for plaintiffs is Wis. Stat. § 88.87:

(2)(a) Whenever any county, town, city, village, railroad company or the department of transportation has heretofore constructed and now maintains or hereafter constructs and maintains any highway or railroad grade in or across any marsh, lowland, natural depression, natural watercourse, natural or man-made channel or drainage course, it shall not impede the general flow of surface water or stream water in any unreasonable manner so as to cause either an unnecessary accumulation of waters flooding or water-soaking uplands or an unreasonable accumulation and discharge of surface waters flooding or water-soaking lowlands.

\* \* \*

(c) If a city, village, town, county or railroad company or the department of transportation constructs and maintains a highway or railroad grade not in accordance with par. (a), any property owner damaged by the highway or railroad grade may, within 3 years after the alleged damage occurred, file a claim with the appropriate governmental agency or railroad company. The claim shall consist of a sworn statement of the alleged faulty construction and

7

a description, sufficient to determine the location of the lands, of the lands alleged to have been damaged by flooding or water-soaking. Within 90 days after the filing of the claim, the governmental agency or railroad company shall either correct the cause of the water damage, acquire rights to use the land for drainage or overflow purposes, or deny the claim. If the agency or company denies the claim or fails to take any action within 90 days after the filing of the claim, the property owner may bring an action in inverse condemnation under ch. 32 or sue for such other relief, other than damages, as may be just and equitable.

Defendants argue that § 88.87 provides the exclusive remedy in cases in which it applies.  E.g., Pruim v. Town of Ashford, 168 Wis. 2d 114, 483 N.W.2d 242 (Ct. App. 1992) ("Common law nuisance actions are not allowed" because "[t]he statute clearly and unambiguously forbids it.");  Kohlbeck v. Reliance Construction Co., 2002 WI App 142, ¶ 7,  256 Wis. 2d 235, 242, 647 N.W.2d 277, 280 ("Section 88.87 limits the type of relief available to those that are stated in the statute.").  Plaintiffs do not dispute that contention, so I will not consider it further. In addition, plaintiffs admit that they did not follow the procedures outlined in § 88.87 for making a claim. Plts.' Br. dkt. #72, at 25. Instead, they argue that § 88.87 does not apply to this case.

Plaintiffs' position is somewhat surprising in light of the fact that they allege in their amended complaint that defendants violated Wis. Stat. § 88.87.  Even if I ignore this inconsistency, I agree with defendants that the statute applies.  Plaintiffs do not argue that a trestle is not part of a "railroad grade" within the meaning of the statute or that a failure to clear debris from the trestle is not a failure to "maintain" the railroad grade.  Rather,

plaintiffs' only developed argument regarding the scope of Wis. Stat. § 88.87 is that it is a "governmental immunity" statute that applies to private parties only when they are "affiliated with governmental entities." Plts.' Br., dkt. #72, at 20, 25. The obvious problem with the argument is that it is flatly contradicted by the language of the statute. Section 88.87 applies to "any county, town, city, village, *railroad company* or the department of transportation."

Plaintiffs do not even attempt to address the actual language of the statute. Instead, they cite several cases in which courts described § 88.87 in ways that would exclude a railroad company. E.g., Kohlbeck, 2002 WI App 142, at ¶ 6 ("Section 88.87 creates an obligation on state and local governments to refrain from obstructing natural drainage when constructing and maintaining highways"); Van v. Town of Manitowoc Rapids, 150 Wis. 2d 929, 930, 442 N.W.2d 557, 558 (Ct. App. 1989) ("[S]ec. 88.87(2), Stats. . . . imposes a duty on governmental entities to refrain from impeding the general flow of water in an unreasonable manner when constructing or maintaining highways or railroad beds."); Victory v. Town of McKinley, 1988 WL 48056, *2 (Wis. Ct. App. 1988) ("Sec. 88.87, Stats. is a highway statute that applies when highway construction affects a lowland, natural watercourse, or drainage courses."). However, in each of these cases, the courts were simply summarizing the statute in a way that was relevant to the plaintiff's claim in that case. None of the courts held or even stated in dicta that § 88.87 does not apply to railroad companies.

Even if a court believed that railroad companies should be treated differently, it would have no authority to disregard language in a statute.  Corley v. United States, 129 S. Ct. 1558, 1566-67 (2009) ("[O]ne of the most basic interpretive canons [is] that [a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (internal quotations omitted); Owner-Operator Independent Drivers Association, Inc. v. Mayflower Transit, LLC, 615 F.3d 790, 792-93 (7th Cir. 2010) (courts may not " revis[e] a text that has no intrinsic ambiguity or any difficulty in application").  In any event, Wisconsin courts have held or assumed in several cases that railroad companies are covered by § 88.87 or its predecessor statutes.  E.g., Soo Line Rail Co. v. Office of Commissioner of Transporation, 170 Wis. 2d 543, 489 N.W.2d 672 (Ct. App. 1992); Laur v. Chicago & N.W. Ry. Co., 1 Wis. 2d 567 85 N.W.2d 353 (1957); Thomson v. Public Service Commission, 241 Wis. 243, 5 N.W.2d 769 (1942); Chicago & N.W. Ry. Co. v. Railroad Commission of Wisconsin, 162 Wis. 91, 155 N.W. 941 (1916).

The only wrinkle relates to the individual defendants, William Barbee and Francis Weber.  Because neither side addresses whether § 88.87 should apply to them, I will give the parties an opportunity to address that question and any other reason the case should continue against them or be dismissed in its entirety.

10

ORDER

IT IS ORDERED that

1.  The motion for leave to file a surreply brief filed by plaintiffs Kenneth Irish, Allen Moore and Scott Stillwell, dkt. #74, is DENIED.

2.  The motion to dismiss filed by defendants BNSF Railway Company, Burlington Northern Sante Fe Corporation, William Barbee and Francis Weber, dkt. #68, is GRANTED as to defendants BNSF Railway Company and Burlington Northern Santa Fe Corporation. The complaint is DISMISSED as to those two defendants.

3.  The parties may have until November 3, 2010, to address the question whether the case should proceed against defendants Barbee and Weber.

Entered this 20th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

11